IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT A. SIMMONS                                                                                    PLAINTIFF

vs.                                              Civil No. 4:15-cv-04055

CAROLYN COLVIN                                                                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

      Robert Simmons ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      Plaintiff's application for DIB and SSI were filed on February 20, 2014.  (Tr. 11,162-173). Plaintiff alleged he was disabled from seizures due to spot on the brain.  (Tr. 194).  Plaintiff alleged an onset date of January 6, 2014.  (Tr. 11, 194).  These applications were denied initially and again upon reconsideration.  (Tr. 11).  Thereafter, Plaintiff requested an administrative hearing on his

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

1

applications and this hearing request was granted. (Tr. 116).

Plaintiff's administrative hearing was held on January 12, 2015. (Tr. 26-40). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Harris Rowzie, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-five (55) years old and had a tenth grade education. (Tr. 37-38).

On April 13, 2015, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-20). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 6, 2014, his alleged onset date. (Tr. 13, Finding 2).

The ALJ determined Plaintiff had the severe impairments of seizure disorder, mood disorder, and alcohol abuse. (Tr. 13, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-18). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform medium work; can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but not ladders, ropes or scaffolds; cannot work at heights or around dangerous moving machinery; can understand, remember and carry out no more than simple 1, 2, 3, step instructions with no strict production quotas; and can have occasional contact with coworkers. (Tr. 15, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ found Plaintiff was unable to perform his PRW as a welder. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 19, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as silver wrapper with 3,600 such jobs in Arkansas and 506,000 such jobs in the nation and cleaner polisher with 2,400 such jobs in Arkansas and 394,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from January 6, 2014, through the date of the decision. (Tr. 20, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 7). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-5). On June 17, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 18, 2015. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) in failing to present a proper hypothetical to the VE, and (3) in discrediting Plaintiff's seizures. ECF No. 10, Pgs. 4-19. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11.

#### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included a seizure disorder, mood disorder, and alcohol abuse. (Tr. 13, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues he meets a Listing under Section 11.02 for Convulsive Epilepsy, 11.03 for Nonconvulsive Epilepsy, and 12.02 for Organic Mental Disorders. ECF No. 10. Defendant argues Plaintiff has failed to establish he meets theses Listings. ECF No. 11.

As for Listings 11.02 and 11.03, before making a finding that Plaintiff is disabled under these Listings, there must be an assessment of the serum drug levels of antiepileptic drugs in the Plaintiff's blood to determine if he was following a physician prescribed treatment plan. *See* 20 C.F.R. 404, subpt. P, app. 1, § 11.00(A). In relevant part, Listing 11.00(A) requires:

> Under 11.02 and 11.03, the criteria can be applied only if the impairment persists despite the fact that the individual is following prescribed antiepileptic treatment. Adherence to prescribed antiepileptic therapy can ordinarily be determined from objective clinical finding in the report of the physician currently proving treatment for epilepsy. Determination of blood level of phenytoin sodium or other antiepileptic drugs may serve to indicate whether the prescribed medication is being taken.

20 C.F.R. 404, subpt. P, app. 1, § 11.00(A).

In this matter, the ALJ considered Plaintiff's history of noncompliance with his antiepileptic medication in making a finding that Plaintiff did not meet these Listings. Under § 11.00(A) Plaintiff's repeated failure at following prescribed antiepileptic treatment contradicts his complaints that his seizure impairment met the requirements of Listings 11.02 and 11.03. The ALJ set forth this noncompliance in his decision and discussed the medical findings of noncompliance. (Tr. 16-18, 265, 310, 474, 557).

The ALJ also considered Plaintiff's alcohol use in discussing theses Listings. The medical record set forth several examples of alcohol abuse. (Tr. 261, 379, 474, 487). Where documentation shows that use of alcohol or drugs affects adherence to prescribed therapy or may play a part in the precipitation of seizures, this must also be considered in the overall assessment of impairment level. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1. § 11.00(A).

In this matter, the ALJ decision that Plaintiff did not meet Listings 11.02 and 11.03 is supported by substantial evidence.

Plaintiff also argues the ALJ erred in failing to evaluate whether Plaintiff met Listing 12.02 for Organic Mental Disorders. In order to be disabled due to an organic mental disorder under the requirements of Listing 12.02, both subsection A and B, must be met. 20 C.F.R. 404, subpt. P, app. 1, § 12.02.

In this matter, the ALJ discussed whether Plaintiff met Listing 12.04 and 12.06. (Tr. 14). The requirements of Subsection B for Listings 12.04 and 12.09 are identical to those for Listing 12.02. The Subsection B requirements for Listing 12.02, which the ALJ discussed in his assessment of Listing 12.04 and 12.06, are as follows:

B. Resulting in at least two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence or pace; or
4. Repeated episodes of decompensation, each of extended duration.

The ALJ correctly determined Plaintiff did not have a marked restriction in daily activities or any marked difficulties in social functioning or concentration, persistence or pace. (Tr. 14). Also, there was no indication Plaintiff experienced repeated episodes of decompensation.

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden. I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

**B. Step 5 Determination**

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart*, 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue*, 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart*, 321 F.3d 766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge*, 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform medium work; can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but not ladders, ropes or scaffolds; cannot work

at heights or around dangerous moving machinery; can understand, remember and carry out no more than simple 1, 2, 3, step instructions with no strict production quotas; and can have occasional contact with coworkers. (Tr. 15, Finding 5). In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 33-34). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 19, Finding 10). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 20, Finding 11).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and local economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence.

### C. Discrediting Plaintiff's Seizures

Plaintiff also argues the ALJ erred in discrediting his seizures on the basis of a medical expert who was not at the hearing, but only completed interrogatories without explaining his reason for finding Plaintiff did not meet Listing 11.02 and 11.03. ECF No. 10. However, Plaintiff's argument is without merit.

In responses to the interrogatories sent by the ALJ, Dr. Steven Goldstein diagnosed Plaintiff with alcohol abuse, seizure disorder, gout, and hypertension. (Tr. 566). Dr. Goldstein explained in his assessment of Plaintiff's medical history that he considered Listings 11.02 and 11.03. *Id.* The doctor stated Plaintiff did not meet either listing because of his history of non-compliance, and there was no medical treatment record from a medical source that objectively documented the frequency

of Plaintiff's seizures or the attempts physicians employed to control the seizures. *Id.*

Plaintiff also seems to be critical of the use of interrogatories and the fact that he does not know what evidence was reviewed by the Dr. Goldstein. However, the ALJ sent a copy of Dr. Goldstein's responses to Plaintiff and his counsel. (Tr. 251-252). The ALJ informed Plaintiff he could submit any questions or concerns about Dr. Goldstein's responses to the ALJ, which he would then forward to the doctor for further responses. (Tr. 251). Additionally, the ALJ informed the Plaintiff if he was not satisfied with the procedure, he would hold a supplemental hearing, at which time he could examine the doctor in person. *Id.* There was no such request from Plaintiff.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of May 2016.**

    /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    U. S. MAGISTRATE JUDGE